Elliot M. Elo, Esq.
The Law Office of Elliot M. Elo, Esq. PLLC
42 West 48th Street, 2nd Floor
New York, NY, 10036
Tel: (212) 302-1257
*Attorney for Plaintiff, Alain Panigel*
*on behalf of himself and all others similarly situated*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

| | |
|---|---|
| ALAIN PANIGEL | JURY TRIAL DEMANDED |
| Plaintiff, | |
| v. | Case No. |
| P. SCHNEIDER & ASSOCIATES, PLLC | |
| Defendant, | |

-----------------------------------------------------------X

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, by and through his counsel, Elliot Elo, Esq., as and for his complaint against Defendant, on behalf of him and all others similarly situated, alleges as follows:

1

# I. INTRODUCTION

1. This is an action for actual and statutory damages brought by Plaintiff, Alain Panigel (hereinafter "Plaintiff"), an individual consumer, against Defendant, P. Schneider & Associates, PLLC (hereinafter "Defendant"), for violations of the Fair Debt Collection Practices Act, 15 U.S.C § 1692 *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices in their attempts to collect alleged debts from Plaintiff and others similarly situated.

2. Plaintiff alleges that the Defendant's collection practices violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

3. The FDCPA broadly prohibits conduct which harasses, oppresses or abuses any debtor; any false, deceptive or misleading statements in connection with the collection of a debt; unfair or unconscionable collection methods; and requires certain disclosures. *See generally* 15 U.S.C. §§ 1692d, 1692e, 1692f and 1692g.

4. The FDCPA is generally characterized as a "strict liability" statute because "it imposes liability without proof of an intentional violation." Glover v. FDIC, 698 F.3d 139 (3d. Cir. 2012) (citing Allen ex rel. Martin v. LaSalle Bank, N.A., 629 F.3d 364, 368 & n. 7 (3d Cir. 2011).

## II.  JURISDICTION AND VENUE

5. Jurisdiction of this Court arises under 15 U.S.C § 1692k(d) 28 U.S.C 1331.

6. Venue and personal jurisdiction in this District is proper because:

   a. The acts giving rise to this lawsuit occurred with this District; and

   b. Defendant transact business with this District.

## III. PRELIMINARY STATEMENT

The Fair Debt Collection Practices Act (hereinafter "FDCPA") has been in existence since 1977 to prevent abusive practices in the collection of consumer debts. Regulation F was introduced much later to further refine and enforce these practices.

While the FDCPA provides the foundation for consumer protections related to debt collection, it has some limitations. For instance, it does not include extensive provisions for new modes of communication, like electronic mail (hereinafter "email") or social media.

Regulation F was introduced by the Consumer Financial Protection Bureau (CFPB) as an updated set of rules that supplement and detail requirements under the FDCPA. It aims to adapt to changes in the way debtors and collectors communicate brought by technological advances, and to provide clear rules that would prevent legal ambiguity.

The purpose of Regulation F is not to replace the FDCPA but to fortify and modernize it. It provides consumers with more clarity and agency in the interaction with debt collectors, yet still allowing the collection industry to carry out their operations effectively.

**Regulation F § 1006.14 Harassing, Oppressive, or abusive conduct.**

> **(h) Prohibited communication media— (1) In general.** In connection with the collection of any debt, a debt collector must not communicate or
>
> attempt to communicate with a person through a medium of communication if the person has requested that the debt collector not use that medium to communicate with the person.

**15 U.S.C § 1692c Communication in connection with debt collection**

(a) Communication with the consumer generally

Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt—

(1) at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. In the absence of knowledge of circumstances to the contrary, a debt collector shall assume that the convenient time for communicating with a consumer is after 8 o'clock antemeridian and before 9 o'clock postmeridian, local time at the consumer's location;

## IV.   PARTIES

7.  Plaintiff is an individual natural person residing in Brooklyn, Kings County, New York.

8.  Plaintiff is a consumer as defined by the Fair Debt Collection Practices Act, 15 U.S.C. §1692a(3).

9.  Defendant, P. Schneider & Associates, PLLC, is a Professional Limited Liability Company, with its principal place of business located at 80 Birch Hill Drive, Cairo, NY 12413 .

10. Plaintiff's alleged "debt", as defined by the FDCPA, 15 U.S.C 1692a(5), arose from a transaction entered into primarily for personal use.

11. The purpose of Defendant is the collection of debts using the mail and telephone.

12. Defendant exists for the purpose of purchasing defaulted debts at a discount and then seeking to collect the full amount of the defaulted debts.

13. Defendant's *raison d'être* is obtaining payment on the debts that it acquires.

14. Defendant is licensed with the New York Department of State, license number 2943172.

15. Defendant is "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

16. Defendant is engaged in the collection of debt from consumers by means of the United States Postal Service (hereinafter "the USPS") and through calling debtors via the telephone. Defendant regularly attempts to collect consumers' debts alleged to be due to another company.

17. Defendant is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

## V. FACTS OF THE COMPLAINT

18. On or about October, 17, 2023, Plaintiff received a notice from Defendant stating, "The law firm of P. Schneider & Associates is a debt collector… Showing a balance with Brooklyn Union Gas d/b/a National Grid NY for the amount of $4,205.62 (four thousand two hundred five dollars sixty two cents), account number 23449/06610.

19. On or about October 23, 2023, Plaintiff mailed a letter to Defendant via the USPS, tracking number certified mail, 9407 1118 9876 5494 8680 70.

20. Within the dispute letter Plaintiff referenced account number 23449/06610.

21. Within the dispute letter Plaintiff informed the Defendant that the only convenient way to contact him was via electronic mail (hereafter "email") and provided his email address in the letter.

22. On or about October 30, 2023 the USPS marked the letter as delivered.

23. On or about November 7, 2023, Plaintiff received a second notice from Defendant stating, "The law firm of P. Schneider & Associates is a debt collector… Showing a balance with Brooklyn Union Gas d/b/a National Grid NY for the amount of $2760.84 (two thousand sevenhundred sixty dollars eighty four cents).

24. Within the notice Defendant referenced account number 23449/06416.

25. On or about November 10, 2023, Plaintiff mailed a second letter to Defendant via the USPS, tracking number certified mail, 9407 1118 9876 5497 1474 00.

26. Within the dispute letter Plaintiff referenced account number 23449/06416.

27. Within the dispute letter Plaintiff informed the Defendant that the only convenient way to contact him was via electronic mail (hereafter "email") and provided his email address in the letter.

28. On or about November 13, 2023 the USPS marked the letter as delivered.

29. On or about December 21 2023, Plaintiff received a voicemail from Defendant stating, "I am calling you from P. Schneider and Associates about the letter you sent us… we have a different way to help you pay."

30. Plaintiff has suffered actual damages as a result of these illegal collection tactics by this Defendant in the form of invasion of privacy, intrusion upon seclusion, personal embarrassment, loss of productive time, emotional distress, frustration, anger, humiliation and amongst other negative emotions.

31. Defendant violated 15 U.S.C 1692c(a)(1) for communicating with the Plaintiff using a method Defendant knew was no longer convenient for Plaintiff thereby embarrassing Plaintiff in front of his family and friends.

## VI. FIRST CLAIM FOR RELIEF
### (Defendant P. SCNHEIDER & ASSOCIATES, PLLC
### 15 U.S.C. §1692c(a)(1))

32. Plaintiff re-alleges and reincorporates all previous paragraphs as if fully set out herein.

33. The Debt Collectors violated the FDCPA.

34. The Debt Collectors' violations include, but are not limited to, the following:

(a) The Debt Collectors violated 15 U.S.C § 1692c(a)(1) of the FDCPA by communicating with the Plaintiff at a place Defendant knew was no longer convenient.

35. As a result of the above violations of the FDCPA, the Defendant is liable to Plaintiff for actual damages, statutory damages and costs.

## VII. JURY DEMAND AND PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully demands a jury trial and requests that judgment be entered in favor of Plaintiff and against the Defendant for:

A. Judgment for the violations occurred under the FDCPA;

B. Actual damages pursuant to 15 U.S.C 1692k(1)(2);

C. Statutory damages pursuant to 15 U.S.C 1692k(2);

D. Costs and reasonable attorney's fees pursuant to 15 U.S.C 1692k(3);

E. For such other and further relief as the Court may deem just and proper.

Respectfully submitted:

/s/ Elliot Elo

_____

Elliot M. Elo, Esq. PLLC,
42 West 48th Street,
2nd Floor
New York, NY, 10036
(212) 302-1257 (telephone)
ElliotEloEsq@aol.com (email)